# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF**

**VS.**  4:19-CR-00093-01-JM

**RICHARD PAUL REYNOLDS**

## ORDER

Defendant has filed a Motion for Compassionate Release (Doc. No. 45) pursuant to 18 U.S.C. §3582(c)(1)(A)(i). The government has not filed a response. For the reasons stated below, the motion is denied.

On January 7, 2020, Defendant was sentenced to 46 months in prison after being convicted of being a felon in possession of a firearm.[1]

**A.     Exhaustion**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the factors in 18 U.S.C. § 3553(a).[1]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[2] Defendant does not allege nor provide documentation showing that he has requested compassionate release from the warden. Accordingly, this issue is not properly before the Court.

---

[1] Doc. Nos. 40, 41.

[1] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[2] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

### B. Extraordinary and Compelling

Even if the motion was properly before the Court, the request would be denied.

Defendant must establish "extraordinary and compelling" reasons to warrant compassionate release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[1] As of today, eight circuits courts have ruled that the Guidelines do not apply to defendant-filed motions for compassionate release under the First Step Act. Rather, they have found that courts have more discretion to define what constitutes "extraordinary and compelling." The Eighth Circuit has not addressed this issue directly. Only the Eleventh Circuit has issued opinions maintaining adherence to §1B1.13.[2] The Court finds that under either the §1B1.13 policy statements or under the Court's own discretion, Defendant's circumstances are not extraordinary and compelling.

Defendant seeks compassionate release because his mother is sick, his children are in the custody of DHS, and he has a bad knee. These are not "extraordinary and compelling" reasons warranting release.

---

[1] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[2] See *United States v. Bryant*, --- F.3d ----, 2021 WL 1827158, at *1-16 (11th Cir. May 7, 2021).

### C. § 3553(a) Factors

Even Defendant had presented extraordinary and compelling reasons for compassionate release, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has seven prior convictions. They include driving breaking and entering, possession of marijuana, theft, and delivery of a controlled substance.

The severity of the instant offense also must be considered. On April 4, 2018, officers responded to a suspicious vehicle parked in a driveway. Defendant was asleep in the driver's seat. A search of Defendant revealed a glass smoking pipe, bag containing small bags of methamphetamine, marijuana, and ammunition. A search of the vehicle resulted in officers finding a morphine pill, loaded handgun, two more glass pipes, and three cell phones.

Just a few weeks later, on April 10, officers again responded to a call regarding Defendant. When they arrived, he was asleep in his car at the gas pump. When Defendant exited the vehicle, he had a .380 pistol in a shoulder holster. A search of the vehicle resulted in officers finding a glass pipe, $662 cash, and digital scales.

### CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 45) is DENIED.

IT IS SO ORDERED, this 8th day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE